IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE CHICAS,

    Plaintiff,

v.                                                  Civil Action No. PX-17-3280

ORLANS PC,
*et al.*,

    Defendants.

**MEMORANDUM OPINION**

On Sept. 12, 2017, pro se Plaintiff Jose Chicas ("Chicas") asserted statutory and common law claims in the Circuit Court for Montgomery County against Defendants Orlans PC ("Orlans"), Wells Fargo Bank, NA, ("Wells Fargo") and James E. Clark ("Clark"), in connection with the pending foreclosure on his home.[1] Chicas alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), and common law claims of fraud and civil conspiracy. Chicas requests declaratory and injunctive relief preventing Defendants' foreclosure on the home, which is presently pending in the Circuit Court for Montgomery County, Maryland,[2] and an unspecified amount in damages. *See* ECF No. 2 at ¶¶ 1, 10.

---

[1] The docket reflects that Defendants James E. Clark and Orlans PC were not served with the Complaint and thus did not enter an appearance in this case. However, because the Complaint is stylized broadly, arguing all claims against unspecified "Defendants," the arguments raised by Defendant Wells Fargo's motion to dismiss apply equally to the Complaint at large. Thus, the Court's analysis as to the sufficiency of the Complaint under Federal Rule of Civil Procedure 12(b)(6) applies to all claims and all Defendants. Further, Chicas' claims against Defendants Clark and Orlans PC could also be dismissed under Federal Rule of Civil Procedure 4(m) for failure to prosecute. Fed. R. Civ. P. 4(m).

[2] *See Clarke v. Chicas, et al*, Case No. 413740V (Montgomery County Cir. Ct. Jan. 12, 2016); ECF No.11-7. In a motion to dismiss, "a court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Mua v. Maryland*, No. ELH–16–01435, 2016 WL 1258469 (D. Md. Feb. 15, 2017).

On November 7, 2017, Defendant Wells Fargo removed the case to this Court, citing federal question and supplemental jurisdiction. ECF No. 1. On November 14, 2017, Defendant Wells Fargo moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b), and Local Rule 105. *See* ECF No. 11. On November 22, 2017, Chicas moved to remand the case to the Circuit Court for Montgomery County, arguing that the Court did not have jurisdiction because the amount in controversy was less than $75,000, and the federal claims were not "necessary or dependent" to the resolution of the Complaint. *See* ECF No. 13. For the foregoing reasons, Chicas' Motion to Remand, ECF No. 13, is DENIED, and Wells Fargo's Motion to Dismiss, ECF No. 11, is GRANTED.

**I.  Background**

On July 14, 2006, Chicas' wife, Rosmery Chicas, purchased a home located at 12021 Galena Road, Rockville, Maryland, with a mortgage loan of $352,000.00 ("the Loan") from Resource Bank. ECF No.11-3. A Deed of Trust secured the obligations on the Loan and included Plaintiff Chicas as a mortgagor of the property. ECF No.11-4. On April 10, 2012, Resource Bank assigned its interest in the Deed of Trust to Wells Fargo. ECF No.11-5.

In 2008, Chicas and his wife fell behind on their loan payments. ECF No.11-6. On January 12, 2016, Wells Fargo initiated foreclosure proceedings in the Circuit Court for Montgomery County, which remain ongoing. ECF No.11-7. Chicas states that Defendants sent him a letter dated January 14, 2016 to collect payments on the mortgage. *See* ECF No. 2 at ¶ 26. Since the filing of the foreclosure, Chicas has filed for bankruptcy three times, with each ending in dismissal. ECF Nos. 11-8 to 11-11. While the most recent bankruptcy proceeding was pending, Wells Fargo filed a Motion For Relief From Automatic Stay and Co-Debtor Stay And For Prospective Relief From the Automatic Stay Pursuant to 11 U.S.C. § 1301(C)(3). *See* ECF

No.11-4.  The bankruptcy court granted the motion, allowing Wells Fargo to foreclose on the Property under the Deed of Trust.  ECF No.11-12.  Chicas did not contest Wells Fargo's Motion.

Chicas now asserts common law claims of fraud and civil conspiracy and six claims arising under the Fair Debt Collection Practices Act ("FDCPA").  He requests damages and equitable relief, to which Defendant Wells Fargo asserts an array of challenges.  Chicas has also requested that the Court remand this action back to the Circuit Court for Montgomery County.  Each motion is addressed below.

## II. Motion to Remand

Chicas urges remand of this action, arguing that his claims do not require "resolution of a substantial question of federal law" and that this Court lacks jurisdiction because the amount in controversy is less than $75,000.  *See* ECF No. 13.  However, federal district courts exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Most directly, a case arises under federal law when federal law creates the cause of action asserted."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  Here, the Complaint asserts nine causes of action, a number of which arise under the FDCPA, a federal statute.

As to Chicas' remaining claims brought under Maryland common law, 28 U.S.C. § 1367 grants district courts discretion to exercise supplemental jurisdiction over all other claims that are sufficiently "related to claims in the action within [the court's] original jurisdiction" so as to "form part of the same case or controversy under Article III of the United States Constitution."  *See* 28 U.S.C. §1367(a)–(c).  Claims form part of the same case or controversy if they "derive from a common nucleus of operative fact," such that a plaintiff would "ordinarily be expected to try them all in one judicial proceeding," regardless of their federal or state character.  *Issac v.*

*North Carolina Dept. of Transp.*, 192 F. App'x 197, 199 (4th Cir. 2006) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966)).

All claims asserted in the Complaint derive from the same nucleus of operative fact: Defendants' allegedly illegal conduct in foreclosing on Chicas' home. *See, e.g.* ECF No. 2 at ¶ 1. Further, Chicas does not assert that any of his claims raise novel or complex issues of law best adjudicated by a state court, or that the state law claims "substantially predominate" over the federal claims "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *See* ECF No. 13; *Willis v. Bank of America Corp.*, 2014 WL 3829520, at *43 (D. Md. Aug. 1, 2014) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726) (1966)). Thus, supplemental jurisdiction over the state law claims is proper, and the Court will deny Chicas' motion for remand.

### III. Motion to Dismiss

#### a. *Younger* Abstention

Wells Fargo argues that the pending state foreclosure action compels this Court to abstain from hearing this case under *Younger* abstention doctrine. *Younger* abstention is a "mandatory rule of equitable restraint, requiring the dismissal of a federal action," *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (citation omitted). It applies in narrow circumstances, arising only when there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). Circumstances fitting within the *Younger* doctrine . . . are exceptional," and as a general rule "[t]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the [f]ederal court having

4

jurisdiction." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Here, the first two *Younger* factors are clearly met. The foreclosure action was filed on January 12, 2016, long before this action commenced, ECF No. 11-7, and any determination against Defendants in this case could interfere with the enforcement of a state court foreclosure order and "challenge the very process by which [the order was] obtained." *Pennzoil Co. v. Texas, Inc.*, 481 U.S. 1, 13 (1987); *see also Tucker v. Specialized Loan Servicing, et al*, F. Supp. 3d 635, 646–47 (D. Md. 2015). However, it is not at all clear that this case is "exceptional" warranting abstention. *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 591 (2013) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans (NOPSI),* 491 U.S. 350, 368 (1989)).[3] Further, although liability may be dismissed under *Younger* abstention, Plaintiffs' damages claims may only be stayed. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721 (1996). The Court will do neither here under *Younger* abstention and instead reach the pending motions on the merits.

### b. Issue Preclusion

Wells Fargo next argues that Chicas cannot raise his claims in this Court because the same arguments regarding the validity of Defendants' claim to the Property were available to him and not raised in the underlying bankruptcy proceedings. *See* ECF No. 11-2 at 7–8. The United States Court of Appeals for the Fourth Circuit has held that a prior bankruptcy judgment has preclusive effect when three conditions are met: (1) the prior judgment was final, on the merits, and rendered by a court of competent jurisdiction; (2) the parties in the two actions are identical, or in privity; and (3) the claims in the second matter are based on the same cause of

---

[3] A real property issue may meet this standard, but not every property issue automatically triggers *Younger* abstention. *See Tucker v. Specialized Loan Servicing*, F. Supp. 3d 635, 646–47 (D. Md. 2015).

action as the earlier proceeding. *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 245–46 (4th Cir. 2015) (quoting *In re Varat Enters., Inc.*, 81 F.2d 1310, 1314–15 (4th Cir. 1996)).

Wells Fargo points to the bankruptcy court's order lifting an automatic stay and allowing it to exercise its rights on the Property as the basis for precluding Chicas' claims here. The Court cannot discern how an interim bankruptcy lift of stay can be construed as a final determination on the merits of the foreclosure. *See* ECF No. 11-2 at 5 (describing the order); *accord Farber v. Brock & Scott, LLC*, No. TDC-16-117, 2016 WL 5867042, at *8–*9 (D. Md. Oct. 6, 2016)). That said, the Court need not decide the preclusion question because the Complaint fails to state a claim on any cause of action. *See Gordon v. Nationstar Mortg., LLC*, No. RWT-14-1361, 2015 WL 5165453, at n.6 (D. Md. Sept. 2, 2015). The Court addresses each of Chicas' claims more fully below.

c. **Failure to State a Claim**

Wells Fargo moves to dismiss Chicas' claims under Rule 12(b)(6) for failure to state a claim. In deciding this motion, the Court accepts as true plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].' " *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. " '[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)); *see also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966 (D. Md. Dec. 11, 2013) ( "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

When reviewing a Rule 12(b)(6) motion, the Court may take judicial notice of matters of public record. *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir.2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("Although this case comes to us on a motion to dismiss ..., we are not precluded in our review of the complaint from taking notice of items in the public record....")). The Court may also consider documents attached to the complaint where incorporated and authentic. *See* Fed. R. Civ. P. 10(c); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Here, the Court will consider the Note, the Deed of Trust, the docket in the 2016 Foreclosure Action, and the three bankruptcy dockets along with the accompanying Motion for Relief because these documents are authentic and integral to the ongoing actions between the parties.

### i. Declaratory Judgment (Count One)

Chicas asks the Court to declare the Note void "with no effect, until the "proper owner is identified," because it is "an altered fraudulent document." *See* ECF No. 2 at ¶ 30. Even if the Court were to find that Chicas has asserted facts sufficient to support such an Order, the Court is expressly barred from granting such relief under the Anti-Injunction Act. *See* 22 U.S.C. § 2283. This Act precludes this court from issuing "injunction[s] to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* The Act also reaches declaratory judgments which "have the same effect as an injunction.' " *Lovett v. Deutsche Bank Nat'l Trust Co.,* No. 12-1816-MBS-SVH, 2013 WL 841679, at *6 (D. S.C. Feb. 12, 2013) (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 528 (4th Cir.2004) (internal quotation marks and citations omitted)), *report & recommendation adopted,* 2013 WL 841675 (D. S.C. Mar. 6, 2013). The Court cannot grant Chicas' requested order because it would preclude Defendants from finalizing the foreclosure on Plaintiff's property, which remains pending in state court. This is the type of "interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." *Lovett*, 2013 WL 841679 at *6 (quoting *Samuels v. Mackell*, 401 U.S. 66, 72 (1971)); *see also Tucker*, 83 F. Supp. 3d at 641; *Williams v. Cohn et al*, No. PX-16-2886, 2016 WL 4415058 (D. Md. Aug. 19, 2016). Count One, therefore, is dismissed.

### ii. Civil Conspiracy (Count Two)

Chicas asserts that unspecified Defendants engaged in conspiracy for the purpose of "unjustly enriching themselves," ECF No. 2 at ¶ 32. Civil conspiracy requires the "combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the

act or the means employed must result in damages to the plaintiff." *Hoffman v. Stamper*, 385 Md. 1, 24 (2005) (quoting *Green v. Wash. Sub. San. Comm'n,* 259 Md. 206, 221 (1970)). Conspiracy itself is not a separate tort capable of sustaining an award of damages. *Marshall v. James B. Nutter & Co.*, 758 F.3d 537, 541 (4th Cir. 2014). Accordingly, a plaintiff must aver plausibly the underlying tort which the defendants allegedly conspired to commit. Chicas does not aver any facts sufficient to support an unjust enrichment claim,[4] and so his conspiracy count cannot survive challenge. Count Two is dismissed.

### iii. Fair Debt Collection Practices Act (Counts Three–Eight)

Chicas alleges various violations of the Fair Debt Collection Practices Act ("FDCPA") in Counts Three Four, Five, Six, Seven, and Eight. Count Three purports to state a claim for "Failure to Provide Proof of Standing to Collect," but does not identify a particular statute or theory of state or federal law. *See* ECF No. 2 at ¶¶ 36–43. The Court, however, will presume that Plaintiff is attempting to state a claim under § 1692g of the FDCPA because his allegations concern a requested "validation of debt" from Defendants. *See id.* Counts Four through Eight each identify a specific section of the FDCPA, accompanied by a threadbare assertion that "Defendants violated the Fair Debt [C]ollection Practice Act . . . by their actions." *See* ECF No. 2.

To sustain a FDCPA claim, Chicas must plausibly allege that " '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission

---

[4] Unjust enrichment requires (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 294 (2007).

9

prohibited by the FDCPA.' " *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *Dikun v. Streich*, 369 F. Supp. 2d 781, 784–85 (E.D. Va. 2005)).

Chicas has not provided sufficient facts to sustain even the most basic elements of an FDCPA claim. The Complaint does not plausibly aver facts to support Chicas' standing because the Note clearly reflects that it was taken out by his wife. *See* ECF No. 11-3. Nor does Chicas provide any facts from which to infer that any Defendant is a debt collectors as defined by the FDCPA. *See* ECF No. 2 at ¶¶ 23, 26. Indeed, the FDCPA claims are little more than conclusory allegations that unspecified Defendants "violated the Fair Debt [C]ollection Practices Act . . . by their actions, which include, but are not limited to, the false representation of the character, amount, or legal status of the debt." *See* ECF No. 2. at ¶¶ 45; *see also id.* at ¶¶ 48, 51, 54. Accordingly, Chicas' FDCPA claims must be dismissed. *See Phillips v. Brock & Scott, PLLC*, No. PX-16-3899, 2017 WL 3226866, at *3–*4 (D. Md. July 28, 2017); *Montalbano v. National Arbitration Forum, LLC*, No. RWT-10-2237, 2012 WL 3233595, at *5 (D. Md. Aug. 3, 2012) (granting a motion to dismiss where a plaintiff's FDCPA allegations were "devoid of factual details" and made "in conclusory terms").

### iv. Fraud (Count Nine)

Chicas alleges that unspecified Defendants committed fraud because they "made false representation[s]," "had knowledge" of that false representation, made the misrepresentation to "mislead" Chicas, and that he relied on their misrepresentations to "his detriment." *See* ECF No. 2 at ¶¶ 61–64. To allege fraud, a plaintiff must plead with particularity[5] that: (1) the defendant made a false representation to plaintiff; (2) the falsity of which was known to the defendant and made for the purpose of defrauding the plaintiff; (3) the plaintiff detrimentally relied upon the

---

[5] Pleading fraud with particularity requires the plaintiff to provide such facts as "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted).

misrepresentation (5) and suffered damages as a result.  *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999); *James v. Weisheit*, 279 Md. 41, 44, 367 A.2d 482, 484 (1977); *see also* Fed. R. Civ. P. 9(b); *Bell v. Bank of Am., N.A.,* No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013).

Once again, the Complaint is woefully lacking in facts supporting Chicas' claim.  Chicas does not specify Defendants' alleged misrepresentations, how the communications were made to him or how he relied on such statements to his detriment.  Barebones assertions that Defendants provided him "fabricated" or "false information" are insufficient.  ECF No. 2 at ¶¶ 1, 8, 59–64.  Accordingly, Count Nine must be dismissed.

**IV.    Conclusion**

Because this Court has jurisdiction over this case, and the Complaint fails to state a claim, Chicas' motion for remand is DENIED and Wells Fargo's motion to DISMISS is GRANTED. The Complaint is therefore DISMISSED.  A separate Order follows.

 06/01/2018                                      /s/
Date                                             Paula Xinis
                                                 United States District Judge